(No. 57497.—■)

DEAN EDWARDS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Blaw Knox Company, Appellee).

*Opinion filed May 18, 1983.*

Ray Moss, of Clinton, for appellant.

Stephen L. Corn and Rochelle A. Funderburg, of Craig & Craig, of Mattoon, for appellee.

JUSTICE MORAN delivered the opinion of the court:

Claimant, Dean Edwards, sought workmen's compensation for an injury which he sustained while in the employ of respondent, Blaw Knox Company. An arbitrator awarded claimant compensation for temporary total disability and permanent partial disability to the extent of 2½% loss of use of the left foot. On review, the Commission reversed the arbitrator and the circuit court of Coles County confirmed the decision of the Commission. Claimant brought a direct appeal to this court. 73 Ill. 2d R. 302(a).

The sole issue is whether the Commission's finding, that claimant failed to prove he is temporarily or permanently disabled, is contrary to the manifest weight of the evidence.

At the hearing before the arbitrator, claimant testified that he has been employed by respondent as a welder and electrician for the past 25 years. On September 27, 1978, a machine part that he was cleaning fell on his left foot. He stated that he experienced severe pain in his foot and ankle and consulted the plant nurse. She examined the affected area but did not render any medical treatment.

On October 2, 1978, claimant consulted Dr. Mack Hollowell. He X-rayed claimant's foot and prescribed pain medication. Claimant continued to see the doctor every two weeks until March 21, 1979. On that date, he telephoned Dr. Hollowell, requesting a note allowing him to resume light-duty work.

Claimant further testified that the employees at respondent's plant went on strike on September 27, 1978, the date of his accident. The strike ended on March 21, 1979, the same day on which he sought a note allowing him to return to work. Claimant stated that, during the strike, he performed picket-line duty. He actually walked the picket line on some occasions, but primarily sat in

his car.

Claimant indicated that he has worked regularly since March 21, 1979, and performs the same duties as he did prior to his alleged accident. He "occasionally" wears an elastic bandage on his ankle and sometimes takes pain medication.

During cross-examination, claimant testified that no one at the plant observed his accident. He further stated that he has not sought medical treatment since April 2, 1979.

Claimant also introduced into evidence the deposition testimony of Dr. Hollowell. He stated that he examined claimant on October 2, 1978, at which time his ankle was swollen and painful. An X ray indicated that there was no fracture or dislocation. The witness diagnosed claimant's condition as a sprain in the left foot and a torn ligament. He stated that this could result in weakness and pain in his foot, "or it may be none of these." The only pain medication prescribed was aspirin.

Dr. Hollowell examined claimant on six subsequent occasions. Other than some limitation in motion and a decreased swelling of the left foot, he made no objective findings. Because claimant complained of persistent pain, the witness wrapped his foot in an Ace bandage and continued to prescribe aspirin. On April 2, 1979, he examined claimant, found his condition improved, and discharged him from treatment.

During cross-examination, respondent introduced into evidence an insurance report prepared by someone in Dr. Hollowell's office. The report, dated October 13, 1978, indicated that claimant's injury was not permanent, and that he could perform the same duties that he did prior to the alleged accident. Dr. Hollowell stated that he was uncertain as to whether he ever saw the report, or whether the statements contained therein accurately reflected his prognosis for claimant's recovery.

On further cross-examination, Dr. Hollowell testified that he never issued a release-from-work slip, and could not recall whether claimant requested one. He was also unable to recall if he ever restricted any of claimant's activities. However, he stated that he would probably advise against walking "long distances or for protracted periods." Except for a minimal swelling, he stated that there were no objective findings to support claimant's subjective complaints. Finally, Dr. Hollowell agreed that the sprain may not result in any permanent damage.

Respondent also introduced into evidence a doctor bill submitted by the witness. The bill indicated that claimant was examined on October 16, 1978, and that the sprain was healed. No additional evidence was produced at the hearing before the Commission.

Claimant contends that the decision of the Commission is contrary to the manifest weight of the evidence. He argues that the only medical evidence produced indicates that he is disabled due to a work-related injury which may have caused permanent damage. It is further implied that compensation was improperly denied because of the strike which occurred during the period of alleged disability.

We agree with claimant that there is no evidence contradicting his claim that he sustained a work-related injury. However, there was evidence from which the Commission could reasonably infer that he suffered no disability in connection with the accident.

As previously related, his symptoms were primarily subjective. During the time of his alleged disability he performed picket-line duty, which entailed some walking. A document which originated from Dr. Hollowell's office indicated that claimant's injury was healed in October of 1978. Another document stated that the injury was not permanent and that claimant could resume his regular employment. Although the doctor testified that claimant

may have sustained a permanent injury, he also stated it "was equally true" that there may be no permanent damage. He was unable to recall if he placed any restrictions on claimant's ability to return to work, and claimant performs the same duties as he did prior to the injury.

Finally, we perceive of no reason why the Commission could not consider the fact that claimant's alleged inability to work coincided exactly with the duration of the strike. This circumstance could be coincidental, as claimant suggests, but it may also serve to cast doubt upon the nature and extent of his alleged disability.

It is, of course, the function of the Commission "to judge the credibility of witnesses and to draw reasonable inferences from the testimony even where the Commission's findings differ from those of the arbitrator and no further evidence has been taken by the Commission." (*Seiber v. Industrial Com.* (1980), 82 Ill. 2d 87, 97, citing *Forrest v. Industrial Com.* (1979), 77 Ill. 2d 86, 92-93.) The Commission's decision will not be disturbed unless it is contrary to the manifest weight of the evidence. See, *e.g., Spector Freight System, Inc. v. Industrial Com.* (1983), 93 Ill. 2d 507; *Flores v. Industrial Com.* (1981), 87 Ill. 2d 48.

On the record before us, we are not prepared to say that the Commission's decision was against the manifest weight of the evidence. Accordingly, the judgment of the circuit court of Coles County is affirmed.

*Judgment affirmed.*